Filed 12/15/25  P. v. Avellaneda CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROSE AVELLANEDA,<br><br>    Defendant and Appellant. | G064990<br><br>(Super. Ct. No. FVI018893)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, John P. Vander Feer, Judge. Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Rose Avellaneda filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] At the prima facie hearing on the petition, the trial court denied Avellaneda resentencing relief. Appointed counsel for Avellaneda filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 and requested this court conduct an independent review of the entire record. Avellaneda was given an opportunity to file a supplemental brief but did not do so.

Exercising our discretion under *People v. Delgadillo, supra,* 14 Cal.5th at page 232, we examined the entire record and found no reasonably arguable issue. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, a jury found Avellaneda guilty of solicitation of murder (§ 653f, subd. (b)), premeditated and deliberate attempted murder (§§ 664, 187, subd. (a)), and murder. On direct appeal to this court, Avellaneda's attempted murder conviction was reversed and the judgment was affirmed as to the remaining counts. (*People v. Avellaneda* (May 26, 2010, G040609) [nonpub. opn.].) The trial court sentenced Avellaneda to a total term of 34 years in state prison.

In 2024, Avellaneda filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed. At the prima facie hearing on the petition, Avellaneda's trial counsel argued before the court and both parties submitted on the record of conviction. After considering arguments by

[1] All further statutory references are to this code.

counsel, the information, jury instructions, and jury verdicts, the trial court found Avellaneda ineligible for resentencing relief and denied her petition.[2]

Avellaneda filed a timely notice of appeal.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959, 967.) Senate Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at pp. 957, 959.) The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

The process begins when a defendant previously convicted of a qualifying offense files a petition pursuant to section 1172.6. Once a superior court receives the petition, it shall appoint counsel upon petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

---

[2] The trial court noted Avellaneda's solicitation of murder conviction is ineligible for section 1172.6 relief.

At the prima facie hearing, the trial court may rely on the record of conviction. (*People v. Patton* (2025) 17 Cal.5th 549, 563; *People v. Lewis, supra,* 11 Cal.5th at pp. 970–971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) Instructions given to the jury at a petitioner's trial may be relied on by the court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) "It is only where the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing." (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.) We independently review a summary denial of section 1172.6 petition for resentencing. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

Here, at the prima facie hearing, the trial court reviewed the information, jury instructions, and verdicts. The jury was not instructed on the natural and probable consequence doctrine or on any theory of liability requiring malice to be imputed to Avellaneda based solely on her participation in the offense. Since the record of conviction established Avellaneda was not convicted under a vicarious liability theory, relief was properly denied by the court.

After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.

MOTOIKE, ACTING P. J.

WE CONCUR:

DELANEY, J.

SCOTT, J.